# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Curtis B. Leiss, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER OF DISMISSAL** |
| vs. | ) | |
| | ) | |
| North Dakota Lottery.gov and Randy | ) | |
| Miller, Director, | ) | Case No. 1:15-cv-121 |
| | ) | |
| Defendants. | ) | |

The plaintiff, Curtis B. Leiss "("Leiss"), initiated this action on September 3, 2015, with the submission of an application to proceed *in forma pauperis* and proposed complaint. The court previously granted his application to proceed *in forma paueperis*. His complaint is now before the court for review pursuant to 28 U.S.C. § 1915(e)(2).

## I.    BACKGROUND

On April 3, 2015, Leiss filed the following in the District of Oregon: (1) an application to proceed *in forma pauperis*; and (2) proposed complaint asserting claims for "Default Order" from the North Dakota Lottery; for "Default Judgment: Power Play Ticket" and for "Letter of Engagement:Per Official Powerball Rules." Leiss v. North Dakota Lottery, et. al., Case No. 3:15-cv-0551-AA (D. Or. April 21, 2015). The United States District Court for the District of Oregon denied the application to proceed *in forma pauperis* on the grounds that Leiss had failed to provide relevant financial information and dismissed the complaint on the grounds that it was devoid of any cognizable claim. Id.

On May 8, 2015, Leiss lodged with this court copies of the application to proceed *in forma*

1

*pauperis* and proposed complaint that he had filed in the District of Oregon. Leiss v. North Dakota Lottery.Gov, et. al., No. 1:15-cv-057 (D.N.D. May 11, 2015). On May 11, 2015, the court issued an order deeming the application moot. Id. In so doing, it noted that the application had already been denied by the United States District Court for the District of Oregon. Id. Additionally, insofar has he may have been seeking to move his case from Oregon to North Dakota, the court observed that there was no active case to transfer. Id.

Leiss initiated the above-entitled action by complaint on September 3, 2015. In his complaint he cites "N.D. Administrative Rule 12 Supreme Ct" as the basis for this court's exercise of jurisdiction. (Docket No. 1-1). As for the factual basis for his claim, he simply states "of record FRCP." (Id.). Finally, in his prayer for relief, he states:

> Violation of the Tranfer Administive Standards does not cause thee Dismissal of any case.
> > North Dakota Docket
> > Currency Standards of District Court:
> > Disposition of thee Case.

(Id.) (errors in original). Attached to the complaint is a copy of a July 20, 2015, letter from the North Dakota Attorney General's office to Leiss explaining that a Powerball ticket that he had apparently purchased in or before March 2015 was not a winner. (Docket No. 6-1).

On September 8, 2015, Leiss filed the following as a supplement to his complaint–a copy of a North Dakota Powerball ticket that appears to have been purchased on September 2, 2015, at 8:49 a.m. CDT. (Docket No. 4). Additionally, he filed notice of his consent to the undersigned's exercise of jurisdiction over this matter. (Docket No. 3).

**II.  DISCUSSION**

Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that the

2

court may authorize the commencement of a suit without prepayment of fees by a person submitting a financial affidavit evincing an inability to pay. See 28 U.S.C. § 1915(a)(1). Notwithstanding financial eligibility, the court may dismiss a case at any time if it concludes the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

In applying the provisions of § 1915(e)(2), the court must give the *pro se* complaint the benefit of a liberal construction and not dismiss the complaint unless it is clear beyond doubt that there is no set of facts that would entitle the plaintiff to relief. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*pro se* complaints are "subject to less stringent standards than formal pleadings drafted by lawyers"); Atkinson v. Bohn, 91 F.3d 1127, 1128-29 (8th Cir. 1996). In construing the complaint, the court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 31-33 (1992) (court may disregard factual allegations that are clearly baseless, fanciful, fantastic, or delusional). "A complaint is frivolous if it lacks an arguable basis in law or fact." Martinez v. Turner, 977 F.2d 421, 423 (8th Cir. 1992) (citing Nietske v. Williams, 490 U.S. 319, 325 (1989)). "It lacks an arguable basis in law if the claim is based on an indisputable meritless legal theory." Id.

Insofar as Leiss may be taking issue with district court's dismissal of the action he filed in Oregon, he has no recourse in this court. Insofar as Leiss is endeavoring to assert claims against defendants, his complaint does not satisfy the most basic of pleading requirements. Specifically, it does not set forth a claim of constitutional dimension, allege a violation of federal law, or otherwise set forth sufficient facts to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985) (a *pro se* complaint must contain specific facts supporting its conclusions). Moreover, it does not

3

establish a basis for this court's exercise of jurisdiction; it simply sites, without explanation, State "N.D. Administrative Rule 12 Supreme Ct" and makes the most general of references to the Federal Rules of Civil Procedure. Consequently, this action is subject to dismissal. Carter v. Schafer, 273 Fed. App'x 581 (8th Cir. 2008 ) ("[T]he provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding [in forma pauperis] . . . and . . . allow dismissal without service.").

### III.     CONCLUSION

Leiss's complaint fails to set forth sufficient facts to state cognizable claim. His complaint (Docket No. 6) is therefore **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

Dated this 10th day of September, 2015.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.
United States Magistrate Judge